Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th circuit is now open according to law. God save the United States in this honorable court. Good afternoon. This is Judge Wilson in Tampa. Judge Newsom is in Birmingham and Judge Lagoa is in Miami. We have one appeal that's scheduled for argument this afternoon. It is the Secretary of the Florida Department of Corrections versus Stephen Booker. And I see that Jason Rodriguez is here for the Secretary. Linda McDermott is here for the appellate Booker. And Mr. Rodriguez, are you ready to begin with your argument? Yes, your honor. You may. May it please the court. My name is Jason Rodriguez, assistant attorney general to the state of Florida. In my time before the court, I will explain why the district court committed a legal error by permitting the capital habeas unit to enter state court and exhaust a claim when Booker has adequate state appointed counsel that was tasked with doing that very thing. Your honors, the plain language of a congressional statute controls the disposition of this case. Mr. Rodriguez, this is Judge Newsom. Before we go, a couple of threshold issues here that I think are worth exploring first. Would you, at least for my purposes, begin with your standing to contest the district court's determination? Absolutely, your honor. Most critically, I think perhaps most easily, the attorney general is part of this suit, represents the secretary, DOC in federal habeas proceedings, and is charged with ensuring that Florida's laws are abided by. In this case, Florida has a comprehensive post-conviction system where counsel is appointed, there is continuity of counsel, and state courts are required to monitor counsel's performance. Well, so right, but how does a district court order, in effect, authorizing the expenditure of federal funds, infringe that interest? What's your injury and how is it traceable to the federal court order? The injury is that the district court's order permitted CHU to come into state court and usurp appointed counsel's role. Well, but wait, I mean, all the district court's order really did, and you can correct me if I'm wrong, is authorize the expenditure of federal funds. It didn't require the state court to allow CHU's lawyer to make an appearance, right? The state court presumably can make up its own mind about whether it's going to enter an appearance. In theory, perhaps, Your Honor, but certainly not in practice, and I think the facts of the actual docket below in the state court proceedings bear that out. Once the CHU obtained authorization to appear in this case, they didn't file a motion to appear in state court. They simply appeared and directly filed a post-conviction motion. Did you object to their appearance in state court? No, Your Honor, we did not. We felt that it would be better to litigate this federal issue regarding a federal entity and a federal district court order in a federal forum. I guess I just don't quite understand why either. I mean, if the state courts are allowing this, you're not objecting to it, they're allowing it. Where's the real infringement of state sovereignty? And to the extent there is an infringement, why isn't it traceable not to anything the federal court did by authorizing the expenditure of federal funds, but to what the state court did by allowing this illegality, in your view, to persist? Your Honor, it's important to recognize the illegality begins when Section 3599 is violated. That's a federal statute. And while we can raise these arguments in state court, the state trial court's going to be, or state post-conviction court, rather, is looking at a federal district court order authorizing this under a federal statute. State courts are going to be very leery to make it look like they're overruling a federal district court's determination that counsel should come in. So your point, I guess, is that sort of where the rubber meets the road is that there's this sort of like practical injury that occurs by virtue of the authorization to expend federal funds because the state courts are just sort of cowed by the order of the federal court and feel they have to allow the lawyer to make an appearance. I mean, that seems kind of like a wimpy view of state prerogatives to me. Well, your Honor, in Williams versus Rivera, the Fifth Circuit case, when this court was a part of the Fifth Circuit, this court recognized that idea that this court's going to be very leery, even of any appearance, that they are requiring state courts to do anything. In that case, it was specifically whether they could try a defendant without appointed counsel. And this court, as the Fifth Circuit, really took the view that federal courts shouldn't be doing anything remotely like that. And because in this case, the easiest road to go is the violation of Section 3599. We can't raise, we can't argue before a state trial court. The federal court has overstepped its bounds under Section 3599. You shouldn't let them in. They should be beholden to our statutes. It's just not a practical way for us to approach the issue, although it was considered that we would do it that way. But that wasn't the most effective way to deal with a federal agency and federal issue. And this court recognized, and Gary, the extensive comedy concerns that really come into play whenever federal counsel is appointed to go into state court, including federal supervision over counsel that is a part of it. Now, let me ask you this, and then I promise I'll get off this and let you talk or let my co-panelists ask their questions. What about this recent decision of ours, though, called Bowles or Bowles versus DeSantis that seems to sort of empower state courts to reject CHU appearances? There, we said, look, there's no individual right to have CHU represent you, and if the state courts want to reject you, then they can reject you. So, Your Honor, if my recollection of Bowles is correct, that was the question of whether you could be allowed to state clemency proceedings. It was clemency counsel in Bowles that was the primary attorney that wasn't allowed in. And clemency is different from state post-conviction. It's governed by the governor's office, and they have different requirements, is my understanding. Well, I mean, I guess what I'm reading out of that case is we said that it would be, quote, for lower federal courts or Congress to tell state courts what to do in state proceedings, including which lawyers they must permit to appear before them in those proceedings. So, I mean, that to me sounds like that ought to be a shot in the arm to state courts. If you don't want these people entering appearances in your cases, then don't let them. Your Honor, definitely an argument that can be raised, an argument that we can advance in the future in state courts, but I do think it still has that rubber-beats-the-road kind of issue, where a state court is going to have the difficulty of saying, well, I've got an authorization for this counsel to appear, and I'm not going to allow them to. So, I do think that's a difficult position to put state courts in, and one that's unnecessary because of the plain language of what Congress has utilized. The other, and I'll just briefly address it since you raised the standing issue, is the potential conflicts that can arise under Gobman and Paragon. And I emphasize that we're talking about potential here. It is not that there is an imminent conflict or anything of that nature, but by virtue of the fact that the law changes, Martinez and Christensen certainly weren't written in stone in the AEDPA, the Secretary and the Attorney General are watchful for potential future issues that can arise. Well, I mean, doesn't though, it sounds like, if I heard you correctly, you just said all we're talking about here are potential conflicts, not imminent conflicts. Doesn't that pretty much disqualify your article freestanding argument? No, Your Honor, and I point to Gobman and Paragon, both cases where this court said that states, or rather the prosecutors, have an obligation to bring potential conflicts to the court's attention. So, I would say that that is sufficient under this court's precedent in Gobman and Paragon. And help me out, I may just not be remembering those cases specifically, were those cases in which the question of standing was squarely before the court? I don't believe the question of standing, the standing to object was squarely before the court, whether it was termed article freestanding or not, I don't believe so. But the question of standing to object to who is representing a defendant was squarely before the court. At least I know in Gobman, I believe in Paragon as well. But Paragon is a footnote. Mr. Rodriguez, how could there be a potential conflict of interest if we're only litigating a Brady claim in state court and not an ineffective assistance of counsel claim? Your Honor, the difficulty in this case is when the Brady claim, the supposed Brady claim came up, it came up during the course of trial. It wasn't raised by post-conviction counsel. And so theoretically, there is the possibility to raise an ineffective assistance of counsel claim on the failure to raise a Brady claim. Now, that doesn't sound like a particular arise, you know, particular arise injury, it sounds more like a generalized issue. How do you answer? How do you answer that? It's got to be particularized in concrete in order to be sufficient to constitute an injury to confer standing, doesn't it? Yes, Your Honor. But again, I'd have to go to the Fifth Circuit case of Gobman, which controls this court's analysis and says that prosecutors have standard to object when there are even potential conflicts that arise. And that seemingly was sufficient to consider arbitral freestanding in the Fifth Circuit case. To the extent this disagrees with that, I'm sorry, Your Honor, were you going to speak? Well, yeah, we've been discussing. Let me ask you a question about the issue of whether or not the issue is moot. And so the briefs have all been filed in the Florida Supreme Court. And at this point, we're just waiting for a decision. Yes, Your Honor. If the Florida Supreme Court tomorrow affirms the denial of the Brady claim before we're able to get an opinion out, is this issue moot? No, Your Honor. And I do think it's important under Florida versus Florence to recognize that it's not the decision that ends the litigation in state court. It would be issuance of a mandate. So that's the most important. It would be what now? Mandate. When the Florida Supreme Court issues its mandate. Okay. So after the Florida Supreme Court issues its mandate, before we're able to get an opinion out, would the issue become moot then? Assuming that CHU does not seek cert review in the U.S. Supreme Court to overturn that, then yes. That was for the U.S. Supreme Court. That would no matter would no longer be in state court, right? Correct. But they'd be seeking cert review to overturn a state court judgment at that point, the state court judgment below. So it would still be ongoing if they seek cert. And I can't predict whether they will or not. But that is a potential. And so I have to flag that for the court to the extent that it does become moot. There is a decision. Florida Supreme Court affirms mandate issue. Cert isn't sought. Then still, this issue is capable of repetition yet evading review. I think the Supreme Court has recognized under a two-year time. So if the Supreme Court denies cert before we're able to get an opinion out, is it moot then? Yes, Your Honor. Okay. At that point, it would absolutely be moot. And then we'd have to move to capable of repetition yet evading review. The Supreme Court's recognized that decisions or orders persisting less than two years are that meet that capable of repetition or the evading review prong rather. If it's less than two years, they did so in Turner. The D.C. Circuit and Ninth Circuit have both recognized a presumption that if it's under two years, that's sufficient. And I do think that's probably critical in a case like this one where the evading review depends on court proceedings. And it's not going to be clear. These presumptions are important. And under Florida law, most of these cases where it's just a normal successive post-conviction are going to be dealt with in under two years. So the issue of evades review, and it is capable of repetition. I cited two United States Supreme Court cases, newspaper cases, dealing with courtroom closure statutes where the court said, well, you as a regular litigant are likely to be subjected to the same type of order by a court in the future. The court found that was enough to meet the capable of repetition prong, even though the proceedings would be different. The underlying what was newsworthy about them would be different. The fact that you had a regular litigant likely subjected to a similar order. The U.S. Supreme Court has said that's sufficient for the capable of repetition prong. So with standing and with the motion to dismiss the standing argument and also this address, I do want to return this court to the plain language of section 3599. And I can ask you just one more preparatory question before you get there. And then I promise I'll zip it. The can you just I'm not really sure that this is relevant to any one of these issues, but it's a curiosity of mine. What branch of government is CCRC in? I mean, like in the federal system, the FPDs are technically part of the judicial branch. What part what branch of Florida state government is CCRC in? Your Honor, I'm not precisely certain. I know that they have their separate funding. I believe they may be a actually I don't even want to say that. I'm honestly not sure. I guess to what extent do they, while independent, sort of exist within the Office of Attorney General's ambit? I guess I'm trying to figure out if they're in sort Department of Justice, so to speak, or the judiciary or the judiciary apparatus. No, Your Honor. The closest corollary I can find, they'd be more similar to the public defenders in Florida system. They are not under the Attorney General's control or anything of that nature. They have separate funding that gets to them. So if that's the bottom line question that I can comfortably answer. Yeah, I was really just I was really just sort of curious. Absolutely. Okay, thanks so much. My pleasure, Your Honor. Since we're still here, I'll just briefly regard the standing issue note that the Attorney General as this court recognized in Thompson has the authority to speak for the instrumentalities of state sovereignty and has the ability to do so in federal court as well. And that's really what's at issue. The Attorney General has recognized a potential issue and she may have more than one avenue to correct it. But she has the ability to correct it in either form under the Florida Constitution, which permits her to go into federal or state court when the interests of Florida are truly at issue. With those two preliminary issues dealt with, I'll go to section 3599 itself and note the plain language of the statute really controls the disposition. Section 3599A2 reads, in any post conviction proceeding under section 2254, seeking to vacate or set aside a death any defendant who is or becomes financially unable to obtain adequate representation shall be entitled to the appointment of one or more attorneys in the in the furnishing of such other services, including the rest of the subsections. In section 3599, Congress made a choice to give counsel to defendants under a sentence of death who were unable to obtain adequate representation. And the United States Supreme Court, in reading that plain language in Harbinson, came to the result that, and I quote from page 189 of Harbinson, subsection A2 provides for counsel only when a state petitioner is unable to obtain adequate representation. State furnished representation renders him ineligible for section 3599. And here in Florida, we have an explicit statutory scheme to provide for post conviction counsel to all capital defendants. Absolutely, Your Honor. We do. They're automatically appointed after the direct appeal mandate. In fact, there's a strict requirement for counsel to meet in order to be able to handle a capital case. Yes, the Florida Supreme Court upgraded the Florida requirements to handle capital post conviction litigation, at least as far as I'm aware, Florida standards are among the highest in the nation, if not the highest. So is it your position, do I understand, is it your position that in light of the sort of the considerations that Judge Lagoa has mentioned, that CCRC counsel is per se adequate, or simply that the district court here got off the rails by never even sort of inquiring into adequacy? Is that a case by case thing? Or is CCRC always going to be adequate, and therefore CHU always going to be out? So CCRC is likely always going to be adequate because of the standards and everything that goes in there. I think that the Sixth Amendment cases are helpful to this court's now is to recognize that we begin with a presumption that state courts know what they're doing in state court, that they're appointing adequate representation. Strickland provides a presumption to that the Sixth Amendment does. I would think that at this stage of the litigation, the only way you could overcome that presumption would be looking at a chronic type situation. And Strickland had cited chronic, which was a presumption of prejudice under the Sixth Amendment. And the US Supreme Court was analyzing a situation where a federal court had appointed a real estate attorney with little to no experience to represent a defendant in a complex mail fraud case, and with 25 days to prepare. And the United States Supreme Court said that those facts, standing alone, do not raise a presumption of prejudice under the Sixth Amendment. And so I think you'd be performing a similar analysis. Can state counsel perform its job under the strictures that it's given? Have they been given too little time? That type of issue would arise. But I think chronic provides the only real way at this stage of the litigation, absent some specific deficiency by state counsel, some more overt like abandoning the client or something like that. That would be the only chronic would be the only way that you would actually be able to find state appointed counsel is inadequate. And I think that presumption... No wonder under 3599, you agree that there is some is that at least as matters exist in Florida, that in practical for practical purposes is likely to be met every time. Should be met every time. If Florida statutory scheme is abided by and there are no wrinkles in the system, it should happen every time. Certainly, defense counsel is free to seek to prove inadequacy, but the burden of proof would be on them to do so. And I do want note in this case, we don't have a... If we accept that argument, doesn't that pretty much divest the district court of discretion to make a determination as to whether or not this is appropriate on a case by case basis? Yes, your honor, when there is adequate counsel. And I don't think that this court will be doing that. Congress has done that. And the United States Supreme Court's footnote in Harbinson footnote seven, use the language of subsection E, the appropriate motions and procedures. And I think we learned from section 3599A2, what those appropriate motions and procedures would at minimum have to meet as a threshold matter. You have to have a death sentence individual, and he would have to not have adequate counsel. To the extent he has adequate counsel, it's not this court removing that from the ambit of the district court's discretion. It's Congress and the United States Supreme Court when it said subsection A2 provides for counsel only when a state petitioner is unable to attain adequate representation and state furnished counsel renders him ineligible for section 3599 counsel. But to Judge Wilson's question, the district court still has to test on a case by case basis for adequacy, correct? It's not just any old warm body in defense counsel chair passes 3599 muster. Absolutely, you're right. And that's where I think that the Sixth Amendment cases are helpful. No, no counsel is definitionally not adequate counsel under the Sixth Amendment sleeping counsel is not adequate under the Sixth Amendment. Now, I guess the question, the the bottom line question is, did the district court air in not even making a finding or counsel was adequate prior to appointing counsel by the two councils? Yes, your honor, that was absolute per se error under section 3599 that adequacy threshold issue. The district court was retired was required to grapple with. So as we look to section 3599, the plain language of it is clear. This I'm sorry to interrupt you. But my question would be, in making that determination, would the district court be required to have an evidentiary hearing? Or how would that determination be made as to adequacy? runner, I would suppose situation where CHU would come forward with evidence, likely an emotion or something of that nature. And then the state would be able to rebut that and pleadings. I don't think it'd be essential to hold an actual evidentiary hearing. And most of the things I can contemplate, I chronic was not, as I'm aware, an evidentiary hearing that occurred. It was just this, these are the facts, this is the situation, make your your presumption of prejudice determination from the papers. So I don't think an evidentiary hearing would be required. The sixth we say, Mr. Rodriguez, could we say that there was an implied finding by the district court that state representation was inadequate to provide representation to Mr. Booker on this federal constitutional claim? No, Your Honor, I don't think you could. And I think that it's critical to do that in other contexts. We make determinations that district courts have made implied findings and other contracts. Why couldn't we do it here? Well, specifically for so for two reasons. First, I think it's critical to note the district court actually noted state appointed counsel had in fact been appointed and then said nothing further. Instead, the district court hung its analysis on Martel versus Claire, which in Martel, there was actually a finding of adequacy that underlined that opinion. So the district court's analysis doesn't speak to any type of implied finding, it's simply an interest of justice analysis, which is entirely different from any of the adequacy analysis the district court would have been required to grapple with. So I'd say the fact that the district court explicitly noted on page two of its opinion that counsel had been appointed, said nothing about counsel, and instead performed an entirely separate, different analysis, which inadequacy or adequacy would have been really irrelevant, this court couldn't impute an implied finding under those circumstances. The only thing that I'll note very quickly before I yield my time for rebuttal purposes and to my opposing counsel is, in our versus Bell, the Sixth Circuit held exactly what the Secretary is arguing here, and I do want to point out, especially with the standing concerns at issue, that the state of Tennessee, same state that was in Harvinson, appeared in Irek versus Bell and argued and was allowed to argue that section 3599 did not permit federal counsel, section 3599 counsel, to go into state post-conviction proceedings, and this court has recognized that in Gary and cited Irek favorably in Lugo as well. So I think the issue is somewhat subsumed in Irek as well. With that, I'll yield the rest of my time for rebuttal. Thank you, counsel. We'll hear from Ms. McDermott. Good afternoon, Linda McDermott, on behalf of the Apolee Stephen Booker. I think I, if it's okay with the court, I'll start from the most recent discussion and work my way back to where you were. What was in front of the district court were several facts about what was going on in Mr. Booker's case in state court, and I just want to run through those quickly. First of all, this system that the state is saying is in place had failed Mr. Booker. There had not been state counsel for over eight months, despite a motion from prior state court counsel, who was me, and also a motion from the state. No action had been taken on that motion, so he had been unrepresented. An attorney was from the CCR office, did file a notice of appearance a few days after we asked the district court judge to permit us to exhaust the Brady claim in the state courts. She had no familiarity with Mr. Booker or his case when she was appointed. Mr. Booker's case spans many decades and thousands and thousands of pages of transcripts, records, and specifically as to the issue before the court, there was investigation, there was a FOIA request, there were those types of things that had occurred, and CCR had no familiarity with those things. CHU counsel, on the other hand, had represented Mr. Booker for over four years. They had been permitted to litigate his Hearst claim in the state courts, and when I joined the CHU, then I had also had the year prior when I was a state court counsel, and then the year where we were developing the Brady issue. When you were developing the Brady issue, where were you? I was, well, it began before I got to the CHU, and then we were kind of working in conjunction on it before that, and the records from the FOIA request were actually turned over shortly after I got to the CHU. Yeah, but where were you located prior to CHU? Oh, I was in private practice, Your Honor. Okay, that's my question. Thank you. Oh, sure. I was appointed as registry counsel. A registry counsel from the registry counsel that's part of the statutory scheme in Florida, where there's a registry for people who do capital cases who Correct. There were some other facts. Just briefly, the CHU was in communication with the victim's family members. Because the capital regional counsel offices, there's also a registry that's also part of the statutory scheme in Florida, correct? Yes, Your Honor. So we were We did indicate that COVID could cause problems for a brand new attorney to be developing or to be trying to litigate a claim without having any knowledge of Mr. Booker or his case. Counsel, let me ask you a question. I understand all these things, but we have a statute in place, and it talks about adequacy. So is the district court, do they not have a requirement to make an adequacy determination prior to appointing counsel if there already is adequate representation for the capital defendant? I think that I think you're absolutely right. I think the federal district court has to make a determination as to adequacy. Okay. Did they do that in this case? I think that Judge Rogers did do that in this case. Okay, tell me how. So she had all these facts. And the final fact that I had on my list was that we had indicated that there would be, if she were to permit us to go back and exhaust the claim, that there would be no delay in the case, which clearly there would have been had new counsel taken over. And we indicated that the claim itself has some issues in terms of timing and to the case and to our motion. So she had all of those things in front of her. What she definitely knew was there had been no state court counsel. The system had failed. So if I can, Ms. McDermott, just to just to echo what Judge Lagoa is asking you, I guess I'm looking at the face of the order and trying to find a place in which the district court said in accordance with the plain language of 3599, I conclude that there is no adequate representation. And I just don't find it. It looks like, you know, that there's this more freewheeling interests of justice analysis, but that doesn't seem to me to be quite the same thing. That just sounds like sort of on balance, it seems fair to allow this not there is inadequate counsel. And oh, by the way, on balance, it seems fair to allow this. Does that make sense? I understand. I understand your concern. And I don't dispute that the order is the order. I would note that Judge Rogers cite specifically to Harbison. She specifically references the unique circumstances of Mr. Booker's case. She doesn't detail them, but she had heard them. They were in our reply that she had specifically asked for after the state had objected to our request. And I understand that. But, you know, adequate, even though it's not defined, does have a dictionary definition of what it means. And so normally I could I would understand if they had appointed counsel. And then you would say this is counsel who is a real estate lawyer and has not has no understanding or in their last capital case, they fell asleep in the middle of a jury trial. And so therefore, that's not adequate representation. I mean, there has to be something more than they're going to have to come up to speed. Any lawyer has to come up to speed. That's not going to be inadequate representation. Well, she's looking at it from the moment that the motion is filed. So and with timetables and things like that, I understand that counsel. But I mean, you know, if you have a case and I know Judge Wilson and I, if you're a former prosecutor and you get a case and you're going to trial on Monday, you're going to get up to speed and you're going to get ready to to do that case. So if you have a case that's assigned to you and all of a sudden you have to become familiar with that record. That's what you're going to have to do. That's your fiduciary obligation as the lawyer who's now been appointed. Correct. I mean, I think also you should consider the fact that this is a death penalty case and that there are again, there are time considerations when you understand that. But under the statutory scheme in Florida, any the person who is appointed a capital in a capital case already has met certain hurdles in order to get that capital case appointment. Well, theoretically, but as I pointed out in the brief, I understand theoretically, but that but there was no evidence presented to the district court judge that that wasn't the case here. With regards to the lawyer who was appointed. What she knew about that particular lawyer was the lawyer had no familiarity with the case and the case needs to be brought. No lawyer has familiarity with the case when they've just been appointed. Well, I would argue that's not always true, because if you're appointed and you were to the two, I was previously Mr. Booker's lawyer. I did have familiarity with the case, even though I was in a different role for him. So there are situations where I specifically reached out to Miss Bigger and said, Have you ever worked on this case? Do you have any familiarity? Do you have any conflicts with this case? That would be the other issue that could certainly arise that again, that is something that should have been presented to the district judge, correct. But at the point, the district court judge had to make the determination, she couldn't wait to determine. I mean, she was given the facts that were known at that time. Based on those facts, she entered an order specifically referring to the unique circumstances of the case, the fact that that you had familiarity. And in the converse of that, Judge Rogers, I think was also referring to the fact that state court counsel did not have that kind of familiarity. So I agree with Judge Wilson in the in the sort of the broader issue that certainly she did not specifically say CCR counsel is inadequate. However, what was before her and what she said, substantiates the fact that she permitted the chew counsel to exhaust Mr. Booker's claim in state court. The and I would just mention one other thing beyond just Judge Rogers order on the interpretation of the statute. What the what the appellant is asking this court to do is to change the interpretation of the statute. It's clear that Harbison authorizes 3599 counsel to exhaust claims in state court. And that the the issue about who is what is adequate is not simply that there's a system in place. If that were true, this court wouldn't have ruled the way it did in the Gore case. And I realize it was dicta, but that comment about state court counsel could have brought to the court's attention that or I'm sorry, federal court counsel could have brought to the court's attention that state court counsel wasn't doing a good enough job. Certainly there's an inquiry that needs to be made. So the notion that just having a system, a system that has failed over and over and over again, and I've tried to outline some of those things that I'm personally familiar with. In the answer brief, it has failed is not a system that is entirely should just be found to be sufficient enough that the inquiry wouldn't even be made. And I think that's why the US Supreme Court and Harbison set it out the way that it did. They gave discretion to the district court judges who could take into account what was happening in the particular cases at the particular times with the particular issues that needed to be exhausted. And so I asked this court not to accept the state's invitation to change the interpretation of 3599, which would not be consistent with Harbison, and would certainly impact the reliability of the death sentences on for many, many capital defendants who seek to have their federal counsel litigate issues in state court when their state court counsel is inadequate. Can you address a couple of the threshold issues that we explored with Mr. Rodriguez, and I guess for my money anyway, would you start with standing? And in particular, his response to my line of questioning where he says, look, as a practical matter, the state courts simply aren't going to feel sort of comfortable telling to lawyers know when the federal court has said yes. Well, first, I would say that that that isn't an injury. That's just an argument as to why the court should find stand. And the case law is very clear, there has to be a real, concrete injury that the state can point to. And just this amorphous state court judges might feel, you know, that they cannot say no, simply is not enough. And I do I do think that the discussion that was had about the bowls case is informative. In that case, obviously, the procedure that was in place for clemency did not permit to counsel or 3599 counsel to participate in particular ways in the clemency process. But in a broader sense, the court took on the fact that this idea of sovereign, you know, sovereignty and the federal courts interfering with sovereignty, sovereign sovereignty is not an issue. And it is to be litigated in the federal court. And it is really the issue of the state courts, the state courts would be the arbiters of should we allow this group of people or this person to come in and litigate a claim. And when that has been litigated in Florida, the courts have permitted 3599 counsel to do so. Because why wouldn't they if they're lawyers that are in good standing with the Florida bar, if they're familiar with the client and the case, and if the client, you know, wants them to do that in a death penalty case, then that would make sense. And I think that's where the district court judges who have reviewed motions similar to the one that, you know, the one that occurred here in Mr. Booker's case, that's where they've come out is that this is not your interest in state sovereignty is not something we can be the arbiters of, that's something that the state will decide whether or not to allow those people, you know, to come in and litigate that claim. So I don't think the state can show an injury, I think that it's their burden to show that. And I don't think that they can do it. And we've got, it has to be particular, particularized, it cannot be potential, it cannot be theoretical, it has to be concrete. And it has to be something that they can point to and they can show causes, you know, causes them to have standing. What about what about the this issue that's raised in the briefs about the fact that the state procedures in Florida don't allow for limited notices of appearance, but to counsel almost by definition, have to enter limited notice of notice of appearances, at least in practical sort of reality. Is that is that sort of disjunction, something that would give rise to article three injury? I don't see that as a problem. Because, again, based on the statute, you do have the continuity of your state court counsel. If the federal district court has said they're inadequate to do this, I'm going to let you do this. conceivably, you're going to have something where some state court counsel is going to continue to be following that case. So some some things that have happened related to this is state courts will require that 3599 counsel remain on as co counsel, and not just sole counsel. So there have been those situations. And I think there are ways to deal with that. Again, I think that's a state court issue on how they want to make sure that that statutes effectuated, but I don't think it isn't substantiates any kind of injury to to this, you know, to the state, to the appellate in this case, that would give them standing to be arguing that that Judge Rogers aired and or I'm sorry, that Judge Roger Rogers aired and I think that the reference to the conflict is simply not. It's again, it's just theoretical. It's actually there's case law that would dispute that. And I think if you look at the Gottman case, that case had to do with an ethical conflict, where an attorney was representing a union, and he was also representing union members. An investigation, and the union members themselves looked like they might become targets. And yet he was advising them in terms of his, his representation of the union. So in Gottman, the court was very clear that it was a very egregious situation. It was clear from the face of the record. And it was an actual ethical, ethical conflict that the bar rules themselves were, you know, showed that they shouldn't be continuing their representation. So I think that that that is not sufficient to to allow the state to meet their burden for standing. I did want to also pick up on something I believe Judge Newsome that you mentioned, and that is that 3599 is entirely about funding. So the state in their reply, when they stated that they have no interest in the federal court funding, to me, that is their, that's the concession that they cannot meet standing. The statute does nothing other than just provide funding for, you know, counsel or for expenses to be used in pursuing state court claims. But it absolutely does not do anything in relation to how the state court chooses to run its court. So I do think that that is a problem that they have agreed that they don't have any, they don't have any interest in how the federal government spends its money, because that is the only issue that 3599 seems to be about. In terms of... Are you saying that, I mean, it's not necessarily, it's specifically entitled counsel for financially unable defendants, which is that statute is how does a defendant, a capital defendant who is unable to obtain counsel, it allows them to obtain counsel, but it's only counsel that is adequate, it's adequate representation. And so the issue becomes the conflict where you have a statutory scheme in a state that provides for counsel for capital defendants, and a federal statute that says you're able to get representation, but it's so I'm not sure that that's, that's necessarily so, but... Yeah, and I don't, I'm not disputing what you're saying at all. My point is just that the particular statute, though, only concerns itself in terms of what funding is going to be provided. I realized that the judge is, before she can provide that funding, she has to, she obviously, we don't want this to just be an open pocketbook. She has to have some considerations. And that's what... And that's really the crux of the case here, which is, you don't get the funding when you already have adequate representation. Correct. I think our disagreement, Judge Lagoa, is that... I have no disagreement with you. I'm just asking questions. Oh, I understand. I guess I'm just, I don't, I apologize if that... My point is, is that in terms of how adequacy should be interpreted, I'm asking the court to interpret that to give it meaning, so that it actually means that someone who doesn't have any familiarity with the case, when in the circumstances of the particular issue that needs to be exhausted, that there will be times when that person is not adequate, and when federal court counsel will be adequate. So that's my only point. And I apologize if that seemed flip of me to make that into our disagreement. No, it's fine. No issue. Thank you. Okay. So finally, I think I'll just end with the supplemental briefing and the mootness argument, but it also does relate to the standing. Because at this point, and even the issue itself, to me, it seems like the remedy here is that, number one, you would remand for further proceedings if you were not satisfied with Judge Rogers' order. And as what Chu has said in our supplemental briefing is, in our perspective, our role in exhausting Mr. Booker's claim is concluded. We fairly presented it. We filed the briefing. All we're doing now is waiting, waiting for an order. But surely, if the Florida Supreme Court reverses a case and sends it back, I mean, you'll continue to represent Booker in the state trial court, right? So my position on this is that things have changed, and we now have state court counsel that's been in place for a fair amount of time. And if they needed assistance, then I think it would be my responsibility to ask the federal district court judge to go back for the evidentiary hearing. But I don't think at this point that the adequacy, I think the circumstances have changed. And in good faith, I don't think that I would simply go back without at least asking Judge Rogers to renew that authorization if there was a good reason to do so. Because I take no issue with the current attorney who represents Mr. Booker as state court counsel. She's a competent lawyer, and she's had an opportunity to get up to speed, and I have communicated with her. So I would not... Well, I would... Who is the counsel of record right now, currently, before the Florida Supreme Court? Counsel of record is Alice Kopech, who has been a Florida attorney for... I know. I know her. So you are not counsel of record right now before the Florida Supreme Court? I am still counsel of record for purposes of she has not filed a notice of appearance, and I have not withdrawn because... Okay. That was my only question. Okay. Thank you. But so I do think that there is no... There's no longer any remedy here that could be given, and I don't think any meaningful relief can really be granted. And just to look at the exception to the mootness argument, because I think that still becomes... comes into play, even if you decide that the issue could be moot. The exception requires the court to look at what the appellant did, and this notion that there's a two-year timeframe is not supported by the body of law that is out there. There is... It varies. It's a fact-intensive sort of review, and the burden, again, is on the appellant. And the appellant has to show what they did, and here they didn't do anything. They could have asked this court to expedite proceedings. That happens, certainly happens in things like warrant litigation and things like that. Even if the court had rejected that, at least that would have been some meaningful thing that the appellant would have done to try and say, I want this issue heard. But the appellant could have asked the state court to hold the case in abeyance. Once Mr. Booker filed in his opinion, then he met his diligence and his timing requirements and those sorts of things under the rules, and there would have been no prejudice to him had the state done that. I highly doubt he would have objected to that if the state had wanted to take that action. And certainly, so those were available. There may have been other things that would have been available, but appellant didn't do anything. And so that's really, I think, when you look at the cases where the inquiry is focused, is what steps were taken to make sure that a two-year period or a five-month period or whatever it may be would not expire and then divest the court of an opportunity to look at the particular claim. So with that said, I feel strange leaving time on the clock because that's not my usual MO, but I will say if there are no questions, I will just ask the court to affirm the order and obviously on procedural issues, grant in our favor, and I thank you for your time. Thank you, Ms. McDermott. And Mr. Rodriguez, you have reserved some time for rebuttal. Thank you, Your Honor. Very quickly, I just wanted to deal with the mootness argument because the United States Supreme Court in Turner v. Rogers in 2011 said less than two-year time periods of aid review. I'm not entirely sure what opposing Catholic body of case law opposing counsel was referencing. That seems to be a bright line rule. I know the D.C. Circuit at minimum has taken it that way. So in light of that, we've got a less than two-year time period. We're good on that front. The arguments about expediting, I think then Judge Scalia on the D.C. Circuit put it best. If we were counting expediting for the evading review period, well, then you've got the rule. You've got the exception entirely because you can always ask for an expedited case to be heard. So he said that was irrelevant, and I think he was absolutely right. He explained that considering expedited review would, of course, in his words, make the evading that's virtually impossible to meet. Regarding the we could have asked for a stay in state court, that would have looked like we were intentionally trying to keep this issue alive and the argument would have been, well, they're intentionally unmooting the case. So again, that was a considered step that we took. We didn't want it to appear that we were trying to create or defeat a mootness issue before it arose. With those things in mind, I do want to turn to this idea of what the district court had before it and what it would have needed to find inadequacy because the arguments that have been raised are Chu was uniquely qualified to represent Booker, the very same arguments that the Sixth Circuit rejected in Irich. But they also run afoul of the United States Supreme Court's rationale in Cronic. Sixth Circuit context, albeit, or Sixth Amendment context, albeit, but recall in Cronic, the issue was whether a young, inexperienced lawyer, real estate lawyer with 25 days prior was going to be able to litigate a complex mail fraud case in federal court. And the United States Supreme Court said, you haven't dealt with the presumption of adequacy. And they affirmed the ability of that attorney to stay on without a violation of the Sixth Amendment. In terms of our case, they found him adequate despite those bars. So I don't think the familiarity with Booker or anything the district court had in front of it would have supported an implied finding of inadequacy. That simply wasn't the case here. And the statute itself goes against that analysis. The statute says if you have or can obtain counsel, the statute no longer applies. Section 3599 doesn't afford you counsel. So the statute itself contemplates the idea that you may not have counsel at this point in time. But if you can get counsel, Section 3599 does not apply. I did want to then focus most specifically on the standing arguments and the injury that's in general. This court recognized in Gary that there are extensive comedy concerns. This court outlined them in great detail. The ability of federal judges to be overseeing what federal counsel is doing in state court and the inability of state courts to do the same. So can I admit, this is important to me. Can you alleviate my concern? You know, I mean, I've been in your shoes. I spent several years arguing for robust notions of state sovereignty. And it just seems to me that you're sort of advancing such a wimpy notion of state sovereignty. I mean, what you're essentially asking us to do is to help you save the state from itself. I mean, what you're basically saying is that the state courts can't muster the courage to enforce whatever sovereignty interests the state has and kick these two lawyers out. And so you need to allow us to help you do that. Why isn't the, I mean, to the extent you're asserting a sovereignty injury, an injury to your sovereignty, it seems like you have all the and to tell Chu to buzz off. I mean, isn't that the like the robust sovereignty? That isn't at least in my interpretation of Gary, what this court recognized in Gary, that's that there's a sovereignty issue that comes into play that needs to be dealt with in federal court. Recall Gary was the question of whether section 359 authorized counsel to go into standalone state court proceeding. And the court in Gary felt that the sovereignty concerns were important enough to address at that point in time, at the federal court level, without leaving it for the states to do so. So I think- But wasn't the issue, counsel, wasn't the issue in Gary purely a state law issue? Yes, Your Honor. Well, this is different. Here we have federal counsel exhausting a federal constitutional claim in state court. So we don't have the same situation that we have in Gary. Your Honor, quite frankly, I think we have a worse situation because we're they want to exhaust a claim in preparation for filing a successive habeas petition that this Brady claim cannot meet remotely under any definition of the federal standards for filing a successive claim. So I think this is actually worse. This really is standalone state litigation. And this, not this court, but Congress is now funding frivolous, procedurally barred litigation in state court. That's the end effect of what the district court did below and litigation that can never come to federal court because Brady claim was procedurally barred and failed on all prongs of the analysis. Oh, but let me ask you sort of a question that sort of dovetails with Judge Newsom's question, which is if let's say that we disagreed with you and we affirmed the district court judge, in the future, couldn't you then go out and say when two counsel shows up, can't the state go in now and then make an objection and say, no, they can't be here? And then would that not create a, if there's an issue that arises at that point in time, if the state court judge over your objection allows the two lawyer to come in, even though there's adequate representation, wouldn't that really create a true live controversy? Your Honor, if this court holds, and I anticipate your question, I apologize, Your Honor, Judge Wilson, may I answer Judge Legault's question? So in looking at the particular circumstances, Judge Legault, that you postulated, one, our time to appeal would have expired in this court. We wouldn't be able to come back to this court. And if this court holds what I anticipate your question to kind of go to, that the state attorney general has no standing to object, we would never be able to bring this issue before this court. We wouldn't have standing, regardless. Even if the state court is doing something that it shouldn't be doing, we would still have no standing under Article III. So in light of that, I do think Chu wants their- You wouldn't have standing if there was a potential for a conflict of interest by counsel? Well, we would have that standing, Your Honor, but at least I this court finds we have no standing, period. So in that case, we'd be forever barred from coming before this court. Chu wants these motions dealt with with no one else on the other side of the table, and that is the result of their standing argument. So the state strongly encourages this court to reject that at a minimum. I see my time has expired, and I don't want to take any more of the court's time, so I respectfully, the state requests that the court reverse the district order below. Thank you, Your Honors. Thank you, Mr. Rodriguez and Ms. McDermott. We will take the matter under advisement, and the court is adjourned. Thank you. Thank you.